# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| KAROL HERRADA,<br>on behalf of herself and all<br>other persons similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>HARTE HANKS RESPONSE<br>MANAGEMENT/AUSTIN, INC.<br><br>Serve: C T Corporation System<br>   155 Federal St. Suite 700<br>   Boston, MA 02110<br><br>   and<br><br>HARTE HANKS, INC.<br><br>Serve: C T Corporation System<br>   155 Federal St. Suite 700<br>   Boston, MA 02110<br><br>   Defendants. | ) Case No:<br>)<br>) Judge:<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

  1.  This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, and failing to include bonuses and/or other remuneration earned by Plaintiff and other similarly situated employees in their regular rate of pay for purposes of calculating their overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' headquarters and principal place of business is located in this District.

## PARTIES

4. At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Florida.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. Defendants are corporations for profit with principal places of business in Chelmsford, Massachusetts.

7. At all times relevant herein, Defendants have conducted business in Massachusetts, as well as across the Country.

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and employed Plaintiff and the putative class members in this lawsuit.

9. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written consent to this action, as well as the written consents of Brittany Ingram and Yolanda Piper are attached hereto as Exhibit 1.

13. Additional written consents to join this action, as and when executed by other individual plaintiffs, have been and will continue to be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant Harte Hanks, Inc. (HH) is a publicly traded company with a global presence that provides services including customer care, fulfillment, logistics, and customer experience services to a variety of industries, including Wellsense Health Plan (Wellsense).

15. Defendant Harte Hanks Response Management/Austin, Inc. is, upon information and belief, a wholly owned subsidiary of Defendant Harte Hanks that is fully controlled by Harte Hanks.

16. Defendants employ hourly employees who work remotely, including Plaintiff and the putative class members

17. Plaintiff was employed directly by Defendants as a Licensed Healthcare Team Member working hourly and remotely in Florida on the Wellsense account from approximately September 2023 to January 30, 2025.

18. Plaintiff provided customer care and assistance to customers of Wellsense, as well as assistance in processing their insurance enrollment applications.

19. Plaintiff and other similarly situated hourly remote employees who provided customer care and assistance for Defendants' clients were subjected to the same policies and

procedures relating to uncompensated time starting and logging into Defendants' computer systems, numerous software applications, and virtual private network (VPN).

20. Plaintiff and other similarly situated employees of Defendants are/were non-exempt employees under the FLSA.

21. Plaintiff and other similarly situated employees of Defendants are/were paid an hourly wage.

22. Defendants paid Plaintiff and other similarly situated employees who worked on the Wellsense account bonuses, incentives, and/or other remuneration beyond their hourly rate.

23. Plaintiff and other similarly situated employees of Defendants regularly worked more than 40 hours per workweek.

**(Failure to Pay for Time Spent Starting and Logging Into
Computer Systems, Applications, and VPN)**

24. Plaintiff and other similarly situated employees working remotely and providing customer care and assistance for Defendants' clients were required by Defendants to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendants' computer systems, numerous software applications, and virtual private network (VPN).

25. Defendants arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

26. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

27. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendants and was known to Defendants.

28. There is no practical administrative difficulty recording this unpaid work of

Plaintiff and other similarly situated employees. It could be precisely recorded for payroll purposes simply by allowing them to record their time before they logged into Defendants' computer systems, applications, and VPN.

29. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

30. Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without bringing up Defendants computer systems, applications, and VPN.

31. Plaintiff estimates that she spent 15 uncompensated minutes per day on average starting and logging into Defendants' computer systems, numerous software applications, and VPN.

32. Upon information and belief, other similarly situated employees working remotely and providing customer care and assistance for Defendants' clients also spent approximately 15 uncompensated minutes per day on average starting and logging into Defendants' computer systems, numerous software applications, and VPN.

**(Failure to Pay for Time Spent Working but not Logged into
Computer Systems and/or Time Outside of Scheduled Shift)**

33. Defendants utilized a timekeeping system such that Plaintiff and similarly situated employees were not paid for all hours worked.

34. Defendants paid Plaintiff and other similarly situated employees only for work performed while they were "clocked in" after logging into Defendants computer systems, software applications, and VPN.

35. Plaintiff and similarly situated employees were not compensated for the time spent

not clocked in but spent logging into the computer systems, applications, and VPN.

36. Plaintiff and similarly situated employees were not compensated for time spent working outside their regularly scheduled shifts.

### (Failure to Pay Overtime Compensation)

37. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

### (Failure to Keep Accurate Records)

38. Defendants failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees when not clocked in.

### (Failure to Include Bonuses, Incentives, and Other Remuneration in Overtime Calculations)

39. Defendants routinely paid Plaintiff and other similarly situated employees working on the Wellsense account bonuses, incentives, and/or other remuneration beyond their hourly rate for meeting established metrics.

40. The bonuses, incentives, and/or other remuneration that Defendants paid to Plaintiff and other similarly situated employees were non-discretionary.

41. The bonuses, incentives, and/or other remuneration that Defendants paid to Plaintiff and other similarly situated employees are not excludable from their regular rate of pay.

42. Defendants were/are required to include the bonuses, incentives and/or other remuneration for meeting established metrics in Plaintiff and other similarly situated employees' regular rate of pay for purposes of calculating overtime compensation.

43. Defendants failed to include the bonuses, incentives, and/or other remuneration paid to Plaintiff and other similarly situated employees in the regular rate of pay for purposes of calculating their overtime compensation.

44. As a result of Defendants' failure to include bonuses, incentives, and/or other

remuneration in the calculation of overtime compensation, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

**(Defendants Willfully Violated the FLSA)**

45. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings Count One and Count Two of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

47. The two distinct classes which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and both of which Plaintiff is herself a member, are composed of and defined as follows:

> **Pre-shift claim: Uncompensated Time Starting and Logging Into Computer Systems**
>
> -All former and current remote hourly workers who provided customer care and assistance for Defendants' clients within the three (3) year period prior to the filing of this lawsuit.
>
> **Regular Rate Claim: Failure to Include Bonuses, Incentives, and Other Remuneration in Overtime Calculations**
>
> -All former and current hourly workers, including but not limited to Licensed Healthcare Team Members, who worked on the Wellsense account within the three (3) year period prior to the filing of this lawsuit.

48. Plaintiff is unable to state at this time the exact size of the potential classes, but upon information and belief, avers that they consist of more than 2000 persons combined.

49. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

50. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Violations of Fair Labor Standards Act-Pre Shift Work)**

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

53. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

54. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

55. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

56. Defendants' actions and/or omissions were not in good faith.

57. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

58. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Fair Labor Standards Act-Calculation of Overtime Pay Regular Rate)**

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Defendants' practice and policy of failing to include bonuses, incentives, and/or other remuneration earned by Plaintiff and other similarly situated employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. §§ 778.208-209, and 29 C.F.R. § 548.502.

61. Defendants' actions and/or omissions were not in good faith.

62. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

63. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this

Honorable Court:

    A.    Issue an order permitting this litigation to proceed as a collective action;

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Award Plaintiff and the classes she represents actual damages for unpaid wages;

    D.    Award Plaintiff and the classes she represents statutory liquidated damages;

    E.    Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

    F.    Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

    G.    Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

DATED: October 16, 2025

Respectfully submitted,

*/s/ Nicholas J. Carbone*

Nicholas J. Carbone, Esq.
Arend|Carbone, P.C
68 Main Street, Unit 1096
Leominster, MA 01453
(978) 987-6163
ncarbonelaw@gmail.com
BBO: 686813

THE LAZZARO LAW FIRM, LLC
David J. Steiner, Esq. (will apply pro hac vice)(Ohio Bar 0075217)

Anthony J. Lazzaro (will apply pro hac vice)(Ohio Bar 0077962)
34555 Chagrin Boulevard, Suite 250
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
david@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiff